The Honorable Dean Elliott State Representative 136 Apple Blossom Loop Maumelle, AR 72113-6031
Dear Representative Elliott:
I am writing in response to your request for an opinion on the following question:
 May a fire department change the manner it assesses property in a district?
RESPONSE
The answer to this question will likely vary, depending upon the particular department and facts surrounding the assessment. It is my understanding, from correspondence attached to your request, that the question in this instance relates to the Sherwood Fire Department, Fire District No. 5 ("the District"), and the reassessment that recently occurred in that District. It is my further understanding that the District was established as a fire protection improvement district pursuant to Act 183 of 1939, which is codified at A.C.A. § 14-284-101 etseq. (Repl. 1998).
It is my opinion that the answer to your question with regard to a fire protection district such as the District is, generally, "yes," assuming that the applicable reassessment procedures were followed, including entry of an order of levy and notice of the reassessment. See A.C.A. §§14-284-108—110.
The District is supported through the levy of assessed benefits. See
A.C.A. § 14-284-108. The Commissioners of the District are charged with the duty to reassess benefits under the following provision:
 (a) The commissioners shall one (1) time a year order the assessors to reassess the annual benefits of the district, provided there have been improvements made or improvements destroyed or removed from one (1) or more tracts of land in the district, making it necessary to have the annual benefits revised.
 (b)(1) It shall be the duty of the assessors to reassess the benefits of the district, and the annual benefits assessed may be raised or lowered as conditions of the property change or as requirements of the fire department change.
 (2) However, the annual benefits extended against any piece of property shall not be increased from the annual benefits originally extended unless the original benefits were uniformly assessed against all classes of land in the amount of one dollar ($1.00) per parcel of vacant land and ten dollars ($10.00) per parcel of improved land and providing there have been material changes in value or character made from one (1) or more tracts of land in the district since the original assessment of benefits, making it necessary for the assessors to equitably reassess the annual benefits.
Although you have provided no facts in this regard, I assume that the Board of Commissioners proceeded under the above provision in reassessing the property in the District. According to my review, the legislation does not specify or otherwise address the actual method to be used in assessing benefits. Accord Op. Att'y Gen. 2001-318 (regarding similar legislation governing benefits assessments in fire protection districts organized under A.C.A. § 14-284-201 et seq.) In my opinion, this is a matter to be determined by the board of assessors, subject to judicial review. Those wishing to challenge the assessment must file suit pursuant to A.C.A. § 14-284-111, which states:
 The remedy against the annual benefit assessment shall be by suit in chancery, and the suits must be brought within thirty (30) days from the time that the notice is mailed. On the appeal, the presumption shall be in favor of the legality of the annual benefit assessment.
A.C.A. § 14-284-111(b)(3) (Repl. 1998).
I thus conclude as a general matter that the manner of assessing property in the District may be changed, subject to judicial review.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh